FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT - 3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

KRISTEN PAULINE KNIGHT,

           Plaintiff,

        v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,

           Defendant.

Case No. CV 14-1005 JCG

**MEMORANDUM OPINION AND ORDER**

Kristen Pauline Knight ("Plaintiff") challenges the Social Security Commissioner ("Defendant")'s decision denying her application for disability benefits. Three issues are presented for decision here:

    1.    Whether the Administrative Law Judge ("ALJ") assigned appropriate weight to Plaintiff's treating physicians, (*see* Joint Stip. at 5-9, 15-16);

    2.    Whether the ALJ properly evaluated Plaintiff's credibility, (*see id.* at 16-22, 29); and

    3.    Whether the ALJ properly considered the lay witness statements, (*see id.* at 23, 29-30).

1    The Court addresses, and rejects, Plaintiff's contentions below.

2    A.    The ALJ Assigned Proper Weight to Plaintiff's Treating Physicians

3    Plaintiff first asserts that the ALJ improperly weighted the opinions of her

4    treating physicians, Drs. Masoud M. Azizad and Victor S. Hogen. (*See id.* at 5-9,

5    15-16.)

6    "Although a treating physician's opinion is generally afforded the greatest

7    weight in disability cases, it is not binding on an ALJ with respect to the existence

8    of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*,

9    242 F.3d 1144, 1149 (9th Cir. 2001); *see Morgan v. Comm'r of Soc. Sec. Admin.*,

10   169 F.3d 595, 600 (9th Cir. 1999) ("[T]he treating physician's opinion is not

11   necessarily conclusive as to either a physical condition or the ultimate issue of

12   disability.").

13   An ALJ may discount the treating physician's opinion when it is not

14   supported by objective evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

15   1989); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "When evidence in

16   the record contradicts the opinion of a treating physician, the ALJ must present

17   'specific and legitimate reasons' for discounting the treating physician's opinion,

18   supported by substantial evidence." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d

19   1219, 1228 (9th Cir. 2009) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

20   1995)).

21   1.    Dr. Azizad's Opinion

22   The Court is persuaded that the ALJ properly gave limited weight to the

23   opinion of Dr. Azizad. Three reasons guide this determination.

24   First, the ALJ found that "Dr. Azizad offers only a modicum of objective

25   evidence ... that would support the extreme limitations as assessed."

26   (Administrative Record ("AR") at 39); *see Burkhart v. Bowen*, 856 F.2d 1335,

27   1339-40 (9th Cir. 1988) (ALJ properly rejected treating physician's opinion as

28   unsupported by medical findings, personal observations, or test reports). For

example, a January 27, 2010 physical examination "revealed normal motor strength and muscle tone in all extremities, no tenderness, normal gait and station." (AR at 37, 562.) On March 10, 2010, Plaintiff "demonstrated normal performance on musculoskeletal examination, and reported that depression and 'fibromyalgia' [were] better with cymbalta." (*Id.* at 37, 560.)  Finally, notes from February 29, 2012, indicate that Plaintiff had "normal tone and motor strength," "normal movement of all extremities[,] no tenderness[, and] no edema." (*Id.* at 5, 601.) Indeed, Plaintiff herself told Dr. Aziz that she had "no weakness, no numbness, no seizures, no dizziness [or] headaches[, and] report[ed] no depression and no sleep disturbances." (*Id.*)

   Second, the ALJ noted that Dr. Azizad's opinion "relied quite heavily on the subjective reports of symptoms and limitations provided by [Plaintiff]." (*Id.* at 39); *see Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (ALJ properly rejected treating physician's report because it was premised on claimant's subjective complaints, which the ALJ properly discounted).  As discussed below, the ALJ provided at least two reasons, supported by substantial evidence, for rejecting Plaintiff's subjective complaints.

   Accordingly, the ALJ properly weighted Dr. Azizad's opinion.

     2. <u>Dr. Hogen's Opinion</u>

   The Court is likewise convinced that the ALJ properly rejected Dr. Hogen's opinion for three reasons.

   First, the ALJ noted that "Dr. Hogen's records reflect little in the way of objective findings." (AR at 37); *see Burkhart*, 856 F.2d at 1339-40.  As the ALJ pointed out, "Dr. Hogen's [] notes do not substantiate any physical examinations, at least not in any detail." (AR at 39, 431-43.)  Indeed, "the composite medical file includes few references to muscle spasms or reflex deficit or other objective medical findings ... [making] it difficult to determine the basis for Dr. Hogen's opinion." (*Id.* at 38-39.)  Moreover, the few examination records that Dr. Hogen *did* include

1   indicate that Plaintiff presented with a "normal" gait, and normal neurological

2   findings, including reflexes. (*Id.* at 38, 494-98.)

3        Second, the ALJ rejected Dr. Hogen's opinion because, like Dr. Azizad's, it

4   "primarily related [Plaintiff's properly rejected] subjective complaints." (*Id.* at 39);

5   *see Fair*, 885 F.2d at 605.  Indeed, while Dr. Hogen documented Plaintiff's

6   allegations of "numbness and shooting pains in her legs, as well as back pain, neck

7   pain, incontinence and lack of sleep[, ... n]o physical examination was performed at

8   that time." (AR at 37, 431-43.)  The ALJ thus reasonably concluded that Dr. Hogen

9   based his diagnosis on Plaintiff's subjective complaints. *See Gallant v. Heckler*,

10  753 F.2d 1450, 1453 (9th Cir. 1984) ("[T]he ALJ is entitled to draw inferences

11  logically flowing from the evidence.").

12       Third, the ALJ disregarded Dr. Hogen's opinion because it was internally

13  inconsistent.  In particular, on April 17, 2009, Dr. Hogen indicated that Plaintiff

14  required a wheelchair for standing and walking. (AR at 39, 495.)  On February 19,

15  2010, however, Dr. Hogen stated that Plaintiff "does *not* require an assistive device

16  for ambulation or standing." (*Id.* at 39, 551) (emphasis added).  Nevertheless, on

17  May 12, 2010, Dr. Hogen provided Plaintiff with a prescription for an electric

18  wheelchair. (*Id.* at 39, 582.)  This apparent inconsistency constitutes a "specific and

19  legitimate reason" for discrediting Dr. Hogen. *See Lester*, 81 F.3d at 830 (quoting

20  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

21       Accordingly, the ALJ properly rejected Dr. Hogen's opinion.

22       B.    The ALJ Properly Evaluated Plaintiff's Credibility

23       Plaintiff also insists that the ALJ improperly evaluated her credibility. (*See*

24  Joint Stip. at 16-22, 29.)

25       An ALJ can reject a claimant's subjective complaints by expressing clear and

26  convincing reasons for doing so. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030,

27  1040 (9th Cir. 2003).  "General findings are insufficient; rather, the ALJ must

28  identify what testimony is not credible and what evidence undermines the

4

1    claimant's complaints." *Lester*, 81 F.3d at 834.

2    Here, the ALJ properly discounted Plaintiff's credibility. Two reasons guide

3    this determination.

4    First, the ALJ relied on a fraud investigation into Plaintiff's potential

5    malingering to conclude that Plaintiff's statements were "not trustworthy." (AR at

6    34, 524-30); *see, e.g., Ambrose v. Astrue*, 2010 WL 3702645, at *6 (N.D. Cal. Sept.

7    16, 2010) (noting investigation of potential fraud and malingering by claimant

8    raised questions about claimant's credibility); *Filimoshyna v. Astrue*, 2009 WL

9    3627946, at *9 (E.D. Cal. Oct. 29, 2009) (ALJ properly discredited claimant by

10   referencing fraud investigation); *see also Tommasetti v. Astrue*, 533 F.3d 1035,

11   1039 (9th Cir. 2008) (ALJ may consider "ordinary techniques of credibility

12   evaluation, such as the claimant's reputation for lying"); *Orn v. Astrue*, 495 F.3d

13   625, 636 (9th Cir. 2007) (ALJ may consider claimant's reputation for truthfulness in

14   assessing credibility).

15   In particular, the ALJ highlighted the findings of a 2009 investigation by the

16   Cooperative Disability Investigation ("CDI") unit,[1/] which found that Plaintiff "does

17   not appear to have any physical or mental disabilities or difficulties." (AR at 34,

18   526.) On May 29, 2009, investigators visited Plaintiff's home and noted the

19   following:

20       [Plaintiff] was not wearing a heating pad. She did not appear to have
         any deformities, visible puffiness, swelling or redness. She walked with
21       a slight limp in both legs as if in pain. She appeared to be overweight.
         She was alone with her two children. She did not use an assistive
22       device, nor was there evidence of one in the residence. She appeared
         to be casually groomed. She sat and got up from the couch with little
23       difficulty when she retrieved two bottles of medication[.]

24   (AR at 34, 527.)

25   _____

26   [1/]  The CDI unit, established by the Office of the Inspector General ("OIG") of
     the Social Security Administration ("SSA"), investigates disability claims which
27   State disability examiners believe are suspicious. CDI website, http://oig.ssa.gov/
     cooperative-disability-investigations-cdi (last visited Sept. 30, 2014).
28

The investigators also spoke with two of Plaintiff's neighbors, Mr. Alex Levit and Ms. Cara Entze, who confirmed the investigators' observations. (*Id.*)  Indeed, Mr. Levit, for his part, described that:

> [Plaintiff] drives and takes groceries from her car to the residence.  She does not use a brace or heating pad.  She does not use an assistive device, such as a cane or walker.  She does not have any deformities, puffiness, swelling or redness.  She does not walk with a limp or have other problems walking.  She does not appear to have any physical or mental disabilities or difficulties.

(*Id.*)  Ms. Entze's report echoed that of Mr. Levit.  (*Id.* at 34, 528.)  In light of the disparity between Plaintiff's allegations and the investigator's findings, the ALJ properly determined that Plaintiff's credibility was "significantly undermined."  (*Id.* at 34.)

Second, the ALJ found that the objective medical evidence does not support Plaintiff's testimony.  (*Id.*); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (finding that a lack of supporting medical evidence can be one, but not the only, reason for rejecting a claimant's testimony).  Indeed, medical records consistently showed that Plaintiff's gait, neurological exams, and reflexes were all normal.  (AR at 494-98, 560-62, 601.)  Moreover, the ALJ pointed out that "the medical records included [Plaintiff's] contemporaneous statements of improvement after the accident, suggesting other reasons for her lack of employment."  (*Id.* at 35.)

While Plaintiff cites to medical records wherein she *complained* of back pain to her doctors, symptoms alone do not prove disability.  *See* 20 C.F.R. § 404.1529(a); *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) ("[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone.") (citation omitted).  Moreover, Plaintiff's physicians typically responded to her complaints with conservative treatment.  (AR at 35) (Plaintiff "has generally had routine and conservative treatment for her back, with only some chiropractic therapy."); *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's

6

testimony regarding severity of an impairment.") (citation omitted).

Accordingly, the ALJ properly rejected Plaintiff's subjective complaints.

C.   The ALJ Properly Considered the Lay Witness Statements

Finally, Plaintiff argues that ALJ improperly rejected the statements of her husband, Greg Knight, and friend, Deanna Bergeson. (*See* Joint Stip. at 23, 29-30.)

The ALJ may only discount the testimony of lay witnesses if he provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

1.   Mr. Knight's Statements

Here, Plaintiff's contention that the ALJ failed to address the third-party report from Mr. Knight ignores the Appeals Council's decision that gave "some weight" to his statements. (AR at 6, 643-51.) Moreover, to the extent that the Appeals Council did not adopt Mr. Knight's report in its entirety, the Appeals Council properly noted that it was inconsistent with the objective evidence. (*Id.*) "One [germane] reason for which an ALJ may discount lay witness testimony is that it conflicts with medical evidence." *Lewis*, 236 F.3d at 511; *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason for discrediting the testimony of a lay witness). As discussed above, there is no objective medical evidence in the record to support Mr. Knight's statements as to Plaintiff's level of incapacity. Thus, the Appeals Council's rejection of Mr. Knight's statements is supported by substantial evidence, and was not made in error.

2.   Ms. Bergeson's Statements

The ALJ properly gave little weight to the report provided by Ms. Bergeson for the following two reasons.

1    First, the ALJ rejected Ms. Bergeson's statements because they echo
2  Plaintiff's properly rejected subjective complaints.  (AR at 27); *see Molina v.*
3  *Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) ("[I]f the ALJ gives germane reasons
4  for rejecting testimony by one witness, the ALJ need only point to those reasons
5  when rejecting similar testimony by a different witness."); *Valentine v. Comm'r of*
6  *Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that
7  the ALJ provided clear and convincing reasons for rejecting [claimant's] own
8  subjective complaints, and because [layperson's] testimony was similar to such
9  complaints, it follows that the ALJ also gave germane reasons for rejecting her
10 testimony.").

11   Second, the ALJ reasonably discounted Ms. Bergeson's report because of her
12 limited contact with Plaintiff.  (AR at 34, 265-72); *see Smolen v. Chater*, 80 F.3d
13 1273, 1288 (9th Cir. 1996) ("the Commissioner will consider *observations* by
14 nonmedical sources) (emphasis added) (*citing* 20 C.F.R. § 404.1513(e)(2)).  In
15 particular, the ALJ noted that Ms. Bergeson "only sees [Plaintiff] a few hours a
16 week."  (AR at 34.)

17   Accordingly, the ALJ properly rejected Ms. Bergeson's statements.

18   For the above reasons, the Court further finds that substantial evidence
19 supports the ALJ's decision that Plaintiff was not disabled.  *See Mayes v.*
20 *Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

21   Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered
22 **AFFIRMING** the decision of the Commissioner denying benefits.

23

24 Dated:  *10·2·2014*

25

26                                          _____

27                                          Hon. Jay C. Gandhi
                                            United States Magistrate Judge
28

8